**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE SILLAH,<br><br>                   Plaintiff,<br><br>    v.<br><br>HERITAGE CAMPUS GROUP d/b/a<br>THE HERITAGE OF GREEN HILLS,<br><br>                   Defendant. | CIVIL COMPLAINT<br><br><br>CASE NO.: 2:26-cv-3810<br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, JANE SILLAH, by and through her attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, HERITAGE CAMPUS GROUP, D/B/A THE HERITAGE OF GREEN HILLS, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges illegal discrimination and harassment on the basis of Plaintiff's race, national origin, and/or color in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended 42 U.S.C. §1981; and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*; as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. (the "PHRA").

2.      This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.     This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claim pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5.     Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.     Plaintiff, Jane Sillah (hereinafter "Ms. Sillah" or "Plaintiff"), is an African American adult from Sierra Leone, Africa, who is black, and resides in Berks County, Pennsylvania.

7.     Defendant, Heritage Campus Group d/b/a The Heritage of Green Hills (hereinafter "Heritage") is a District of Columbia foreign nonprofit corporation with a principal business address of 265 Magnolia Avenue, Suite A, Larkspur, Marin County, California 94939, that operates The Heritage of Green Hills, a continuing care retirement community (CCRC), located at 200 Tranquility Lane, Reading, Berks County, Pennsylvania 19607 (hereinafter "the Facility").

8.     At all times relevant to this Complaint, Heritage employed in excess of fifteen (15) employees, including Mr. Jackson, making Defendants each an "employer" as defined under Title VII and the PHRA.

**ADMINISTRATIVE PROCEEDINGS**

9.      Ms. Sillah initiated a charge of discrimination against Heritage with the Equal Employment Opportunity Commission ("EEOC"), which was later formalized and docketed as Charge No. 530-2025-04336 on or about March 13, 2025, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filed with the PHRC.

10.     Ms. Sillah has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, dated March 17, 2026.

11.     All necessary and appropriate federal administrative prerequisites to the filing of this action have occurred and have been satisfied.

**STATEMENT OF FACTS**

12.     Ms. Sillah was hired by Heritage as an Aide in or around January 2023.

13.     Ms. Sillah is an adult, African American woman from Sierra Leone with Black skin color.

14.     Due to Ms. Sillah's reliable and hard-working nature, she was promoted to a Medical Technician ("Med Tech") in 2024.

15.     Ms. Sillah held a Med Tech certificate for many years through previous employers, so her vast experience and knowledge allowed her to work effectively as a Med Tech for Heritage at the Facility.

16.     Throughout Ms. Sillah's tenure, Michelle Butch, a Heritage administrator, regularly exhibited discriminatory behavior toward Heritages employees at the Facility based on their race and national origin, as well as immutable characteristics of non-Caucasian and/or foreign-born individuals, such as skin color and speaking accents.

17.    By way of example, after Ms. Sillah started working at Heritage, Ms. Butch asked her, "how did she get here [United States]?"  After Ms. Sillah explained her immigration to the United States, Ms. Butch exclaimed that "at least you [Ms. Sillah] did not get here illegally!"

18.    Ms. Sillah was not the only non-Caucasian and/or foreign-born Heritage employee that experienced this type of discrimination by Ms. Butch at the Facility.

19.    In fact, Ms. Butch interrogated another African American employee about their legal status in the same inappropriate manner.

20.    In addition to asking inappropriate questions and making discriminatory comments, Ms. Butch was known to only ever defend/support Caucasian, non-African, and/or white employees and/or employees who spoke fluent English whenever a dispute arose between coworkers.

21.    Ms. Butch's precedent of treating non-Caucasians less favorably than other similarly situated Caucasian, non-African, and/or white employees was further illustrated when Ms. Sillah reported race-based discrimination from one of her Caucasian coworkers to Ms. Butch.

22.    After Ms. Sillah made the report, Ms. Butch defended the Caucasian employee's racially disparaging conduct without any concern for the hostile work environment it created at the Facility.

23.    Ms. Sillah was further subjected to discrimination, as well as retaliation for engaging in the protected activity of making the above report, when Ms. Butch suddenly demoted her to an Aide in or around September 2024.

24.    After being demoted, Ms. Butch wrote Ms. Sillah up for allegedly missing one patient's medication, even after Ms. Sillah denied the allegation and objected to Ms. Butch that

her other Caucasian, non-African, and/or white coworkers have continuously missed medications without being disciplined.

25.     In fact, Ms. Sillah attempted to show Ms. Butch through the Pal Care system that these other employees also missed medication for the same patient.

26.     Rather than addressing Ms. Sillah's outstanding concerns, including that her demotion was unwarranted, Ms. Butch stated that she should not have access to patient records on a personal device, which confused Ms. Sillah since Ms. Butch directed all the Heritage staff at the Facility to download Pal Care onto their phones.

27.     Despite Ms. Sillah's attempts to explain the situation and defend her right to be free from discrimination, harassment and/or retaliation, Ms. Butch either ignored or never responded to Ms. Sillah's outstanding concerns with regard to the disparate treatment she was being subjected to on the basis of her race, national origin, and/or color when compared to her similarly situated Caucasian, non-African, and/or white coworkers.

28.     It is also noteworthy that despite Ms. Sillah's demotion, Ms. Butch still required her to do the work of a Med Tech.

29.     In or around January 9, 2025, Ms. Sillah was terminated under the pretext of a patient falling on her shift, and Heritage's unspecified expectation that she stay past her shift to ensure the situation was resolved.

30.     Heritage's reason is clearly pretextual since Ms. Sillah followed all of the proper procedures applicable to a patient fall and was relieved of her duties when emergency personnel were dispatched and the employees of the incoming shift arrived and was informed of the situation.

31.     Despite following the proper procedures, Ms. Butch and another unidentified Manager from Heritage's Human Resources informed Ms. Sillah that she was not supposed to leave the situation involving the patient until it was fully resolved.

32.     Ms. Sillah attempted to explain that her coworkers relieved her of any further duties when the shift change occurred.

33.     Ms. Butch, however, responded that Ms. Sillah put her coworkers working that night into a stressful situation as they had to deal with the emergency personnel, which is a further illustration of Ms. Butch's devotion to protecting and favoring of Heritage's Caucasian, non-African, and/or white employees at the Facility over Ms. Sillah.

34.     Accordingly, it is clear that Ms. Sillah's termination was the result of ongoing discrimination based on her race, national origin, color, and/or for engaging in the protected activity of her reports of this unlawful conduct.

35.     As a result of the forgoing actions of Heritage, Ms. Sillah was subjected to unlawful race (African American), national origin (Sierra Leone), and color (black) discrimination and harassment, as well as retaliation for engaging in the protected activity of making good-faith reports of this unlawful conduct, culminating in her termination, all in violation of Section 1981, Title VII, and PHRA.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 1981
*Race Discrimination*

36.     All prior paragraphs are incorporated herein as if set forth fully below.

37.     At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

6

38.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against and harass Plaintiff on the basis of her African American race, and thereby denied her the benefits of the contractual relationship she entered into with Defendant.

39.     Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF 42 U.S.C. § 1981
### *Retaliation*

40.     All prior paragraphs are incorporate herein as if set forth fully below.

41.     At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

42.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees to retaliate against Plaintiff by treating her less favorably than her Caucasian and non-African American coworkers, including terminating her employment after she made good faith complaints of discrimination on the basis of her African American race, thereby denying her the benefits of the contractual relationship she entered into with Defendant.

7

43.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

44.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

### VIOLATIONS OF TITLE VII
### *Race Discrimination and Harassment*

45.    All prior paragraphs are incorporated herein as if set forth fully below.

46.    Plaintiff was subjected to discrimination and harassment on the basis of her African American race in violation of Title VII, as described above.

47.    The race discrimination and harassment to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

48.    Defendant's failure to maintain a workplace free from race discrimination and harassment was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

49.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

50.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

51.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV

### VIOLATIONS OF TITLE VII
*National Origin Discrimination and Harassment*

52.    All prior paragraphs are incorporated herein as if set forth fully below.

53.    Plaintiff was subjected to discrimination and harassment on the basis of her national origin - Sierra Leone -  in violation of Title VII, as described above.

54.    The national origin discrimination and harassment to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

55.    Defendant's failure to maintain a workplace free from national origin discrimination and harassment was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

56.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

57.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

58.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## <u>COUNT V</u>

### VIOLATIONS OF TITLE VII
*Color Discrimination and Harassment*

59.    All prior paragraphs are incorporated herein as if set forth fully below.

60.    Plaintiff was subjected to discrimination and harassment on the basis of her color – black - in violation of Title VII, as described above.

61.    The color discrimination and harassment to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

62.    Defendant's failure to maintain a workplace free from color discrimination and harassment was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

63.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

64.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

65.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT VI

### VIOLATIONS OF TITLE VII
### *Retaliation*

66.    All prior paragraphs are incorporated herein as if set forth fully below.

67.    As set forth above, subsequent to Plaintiff's complaints of race, national origin, and color discrimination and harassment Defendant retaliated against Plaintiff, including terminating her employment.

68.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT VII

### PHRA VIOLATION
*Discrimination, Harassment, and Retaliation*

69.    All prior paragraphs are incorporated herein as if set forth fully below.

70.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count VII arises out of the same facts, events, and circumstances as Counts I, II, III, IV, V, and VI, and therefore judicial economy and fairness to the parties dictate that this Count VII be brought in the same Complaint.

71.    As previously stated in Counts I, II, III, IV, V, and VI, Defendant subjected Plaintiff to discrimination and harassment on the basis of her race, national origin, and color, as well as retaliated against Plaintiff for reporting this unlawful discrimination and harassment, all in violation of her state rights under the PHRA.

**WHEREFORE**, Plaintiff, JANE SILLAH, seeks the damages against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, JANE SILLAH, prays that this Honorable Court enters judgment in her favor and against Defendant, HERITAGE CAMPUS GROUP d/b/a THE HERITAGE OF GREEN HILLS, and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating, harassing, or retaliating against Plaintiff on the basis of her race, national origin, color, and/or any other basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing, or retaliating against employees based on their race, national origin, color, and/or any other basis prohibited under applicable federal and state law, and are to be ordered to promulgate an effective policy against such discrimination, harassment and/or retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination, harassment and/or retaliation at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendants' actions;

e.    Plaintiff is to be awarded Punitive damages as provided for under Section 1981 and Title VII;

f.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

i.    Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

### **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

14

Dated:  June 3, 2026

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley
PA I.D. #: 329880
mbradley@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan
PA I.D. #: 313550
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*